# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

VJ VALSON,

        Plaintiff,

vs.

JOSEPH MESA, et al.,

        Defendants.

Case No.: 2:15-cv-00082-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Summary Judgment filed by Defendant Joseph Mesa ("Defendant"). (ECF No. 16). Plaintiff VJ Valson ("Plaintiff")[1] filed a response, (ECF No. 20), and Defendant filed a reply, (ECF No. 21). For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**.

## I. <u>BACKGROUND</u>

On March 3, 2014, Plaintiff drove his 1974 Chevy Blazer to the State of Nevada Parole and Probation Office on 215 E. Bonanza Avenue, Las Vegas, Nevada. (*See* Compl. at 4, ECF No. 9). While at the office, Plaintiff alleges that he had a "verbal disagreement" with his parole officer, Defendant Joseph Mesa. (*Id.*). As a result of this exchange, Plaintiff alleges that Defendant arrested him without probable cause and had his vehicle towed, despite his uncle being available to drive the vehicle home. (*Id.*). According to Defendant, however, he arrested Plaintiff for violating the terms of Plaintiff's parole and had the vehicle towed because it was unattended. (*See* Def.'s MSJ 6:11–17, ECF No. 16; *see also* Parole and Probation Report, Ex. 1 to Def.'s MSJ, ECF No. 16-1).

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On December 3, 2015, Plaintiff filed his Complaint before this Court, alleging three causes of action under 42 U.S.C. § 1983. (*See* Compl.). Specifically, Plaintiff alleges: (1) the towing of his vehicle violated the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; (2) the decision to tow the vehicle violated his First Amendment right to be free from retaliation; and (3) the impoundment of his vehicle resulted in an excessive fine in violation of the Eighth Amendment. (*Id.*).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In

contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Defendant argues that he is entitled to summary judgment based on qualified immunity grounds. (Def.'s MSJ 3:14–15, ECF No. 16). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). The Court's inquiry turns on the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Wilson v. Layne*, 526 U.S. 603, 614 (1999).

A right is "clearly established" if it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The plaintiff "bears the burden of proving that the rights she claims were 'clearly established' at the time of the alleged violation." *Moran v. State of Washington*, 147 F.3d 839, 844 (9th Cir. 1998); *see also Shoshone-Banncock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1285 (9th Cir. 1994).

Here, Defendant argues that he is entitled to qualified immunity because "[t]here is no 'clearly established' right to not having one's illegally parked car towed, even if efforts have been made to have the car retrieved by another person." (Def.'s Suppl. Resp. 3:15–17, ECF No. 23). In support of this assertion, Defendant cites to an image indicating that the parole office parking is a tow away zone. (*See* Parking Sign, Ex. A to Def.'s Suppl. Resp). Plaintiff does not dispute that the vehicle was left parked at the probation office. (*See* Pl.'s Resp. at 2, ECF No. 20). Accordingly, and based on the record, the Court finds that Defendant's decision to tow the vehicle was justified under Defendant's community caretaking functions. *See, e.g., Miranda v.*

*City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005); *see also South Dakota v. Opperman*, 428 U.S. 364, 369 (1976).

Even absent such a finding, the ultimate burden is on Plaintiff to show that the alleged rights were clearly established at the time of the incident. *Moran*, 147 F.3d at 844. Plaintiff has provided no factual or legal evidence demonstrating that Defendant violated a clearly established right in towing the vehicle parked at the probation office.[2] Accordingly, the Court finds Defendant is entitled to qualified immunity.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgement, (ECF No. 16), is **GRANTED.**

**DATED** this __29__ day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] On August 25, 2017, out of an abundance of caution and in light of Plaintiff's *pro se* status, the Court ordered additional briefing on the qualified immunity issue. Plaintiff failed to respond to the Court's Order.